# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL SMITH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br><br>　　　　　Respondent. | Civil No.　11-0584 DMS (CAB)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

　　On February 24, 2011, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Northern District of California. On March 21, 2011, the case was transferred to this Court.

### **REQUEST TO PROCEED IN FORMA PAUPERIS**

　　Petitioner has submitted a document stating that he is indigent and claiming that the correctional staff is delaying and withholding the documentation he needs for his application to proceed in forma pauperis. [Doc. No. 2.] The Court construes the document as a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Although Petitioner claims correctional staff is withholding documentation of his financial status, a request to proceed in

forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Accordingly, the request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status.

## FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

In addition, upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims that the staff of Richard J. Donovan Correctional Center are (1) forcing him into general population where he is being threatened on a daily basis because he is a transgender individual, (2) refusing to administer his medications, (3) delaying the appeals process, and (4) refusing to process his inmate trust account statement. (Pet. at 1-4.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974).

In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release

from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500.  On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.  Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).  It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.  Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's request to proceed in forma pauperis and **DISMISSES** the case without prejudice and with leave to amend.  If Petitioner wishes to challenge the fact or duration of his confinement by attacking his state court conviction, he must, **no later than June 14, 2011**: (1) file a First Amended Petition **AND** (2) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee.  If he wishes to challenge the conditions of his prison life, he must, **no later than June 14, 2011**: (1) file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number, **AND** (2) pay the $350 filing fee **OR** file a motion to proceed in forma pauperis . **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS, A BLANK FIRST AMENDED HABEAS CORPUS PETITION FORM (28 U.S.C. § 2254) AND A BLANK 42 U.S.C. § 1983 CIVIL COMPLAINT FORM TOGETHER WITH A COPY OF THIS ORDER.**

IT IS SO ORDERED.

DATED:  April 5, 2011

_____
HON. DANA M. SABRAW
United States District Judge